UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BYRON LEE SANCHEZ,<br><br>                  Petitioner,<br><br>v.<br><br>JAY CHRISTENSEN,<br><br>                  Respondent. | Case No. 1:20-cv-00020-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho prisoner Byron Lee Sanchez, challenging Petitioner's state court conviction. *See* Dkt. 3. Respondent has filed a Motion for Partial Summary Dismissal, arguing that Claims 2 through 4 of the Petition must be dismissed as noncognizable or procedurally defaulted. *See* Dkt. 14. The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. *See* Dkt. 11; Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. 7. Having carefully reviewed the record, including the state court record, the Court finds oral argument unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Sanchez*, 448 P.3d 991 (Idaho 2019), *reh'g denied* (Oct. 1, 2019). The facts will not be repeated here except as necessary to explain the Court's decision.

In the Fourth Judicial District Court in Ada County, Idaho, Petitioner was charged with threatening a public official, along with a sentencing enhancement because Petitioner committed the crime from prison. The charges arose from a letter Petitioner sent to a Gem County prosecutor, who at that time was representing the state in child protection proceedings involving Petitioner's children. *Id*. at 994. Petitioner was found guilty and sentenced to consecutive terms of five years in prison with four years fixed. *Id*.

Petitioner filed a direct appeal. He asserted five claims: (1) that the statute of conviction was unconstitutionally vague and overbroad; (2) that the trial court's admission of evidence of the victim's reaction to Petitioner's letter was an abuse of discretion; (3) that the admission of evidence of Petitioner's previous conviction was an abuse of discretion; (4) that the admission of evidence of Petitioner's post-conviction petition in another case was an abuse of discretion; and (5) cumulative error. *Id*. at 995; *see also State's Lodging B-1, B-3*.

The Idaho Supreme Court affirmed Petitioner's conviction. Before the remittitur was issued, Petitioner's appellate attorney withdrew from representation. *State's Lodging B-5, B-6, B-7*. Petitioner filed a pro se petition for rehearing, which the state supreme court denied without comment. *State's Lodging B-8, B-9, B-10*.

MEMORANDUM DECISION AND ORDER - 2

The Court has construed the instant federal habeas corpus petition as asserting the following four claims:

> In Claim 1, Petitioner alleges that the statute under which he was convicted is unconstitutionally vague and overbroad. *Id*.
>
> In Claim 2, Petitioner asserts that "[t]he prosecutor's reaction to petitioner's letter is not an element of the offense." Based on the information in the Appendix to the Petition, the Court construes this claim as a due process claim based on the admission of certain testimony of the victim.
>
> In Claim 3, Petitioner alleges that the … court "erred in failing to consider the context of the letter." Based on the Appendix, the Court construes this claim as asserting that there was insufficient evidence to support the threat element of the offense.[1]
>
> In Claim 4, Petitioner asserts cumulative error in violation of due process.

*Initial Review Order*, Dkt. 9, at 2 (internal citations omitted).

The Court previously allowed Petitioner to proceed on these claims to the extent the claims "were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." *Id*. at 2–3.

## DISCUSSION

Respondent first argues that the Court's construction of Claims 2 and 3 was incorrect and that those claims assert only state law error, not federal constitutional error. Thus, Respondent contends Claims 2 and 3 are not cognizable. Respondent also argues

---

[1] It appeared initially that Claim 3 asserted trial court error. However, Petitioner's opposition briefing indicates that Claim 3 might assert error in the Idaho Supreme Court's opinion. *See* Dkt. 21 at 4 ("[The] third claim … is not procedurally defaulted. [Justice] Burdick brought it up[,] not [Petitioner].") (capitalization normalized). The Court will construe this claim as asserting that both courts failed to consider the context of the letter.

MEMORANDUM DECISION AND ORDER - 3

that Claims 2 and 3 are procedurally defaulted without legal excuse. Finally, Respondent argues that Claim 4—which asserts cumulative error—necessarily fails because, without Claims 2 and 3, the Petition asserts only a single claim of error. *See* Dkt. 14-1.

For the reasons that follow, the Court concludes that Claims 2 and 3 are procedurally defaulted and that Petitioner has not established a legal excuse for the default. Therefore, the Court will dismiss these claims and need not address Respondent's cognizability argument. Further, because defaulted claims cannot be considered in the context of a cumulative error claim, and because only a single claim of error remains, there are no other errors to cumulate. As a result, Claim 4 must be dismissed also.

1. **Standard of Law Governing Summary Dismissal**

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

2. **Claims 2 and 3 Are Procedurally Defaulted, and Petitioner Has Not Shown a Legal Excuse for the Default**

    A. *Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S.

838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include the following: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised

MEMORANDUM DECISION AND ORDER - 5

a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted). That is, the state procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id.* (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (stating that, "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded," and holding that a state waiver rule was not independent because, "[b]efore applying the waiver doctrine to a constitutional question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question").

MEMORANDUM DECISION AND ORDER - 6

Once the state sufficiently pleads the existence of an adequate and independent state procedural bar, the burden shifts to the petitioner to establish that the rule is not adequate or is dependent on federal law. "The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett*, 322 F.3d at 586. The ultimate burden to show that the procedural rule is adequate and independent, however, remains with the state.

### B.   Claims 2 and 3 Are Procedurally Defaulted

Claims 2 and 3 assert procedural due process violations stemming from the trial court's decision to admit evidence of the victim's reaction to Petitioner's letter and from the court's alleged failure to consider the context of the letter. Petitioner raised issues similar to Claims 2 and 3 on direct appeal before the Idaho Supreme Court.

However, Petitioner raised these issues only as state-law abuse of discretion claims based on the Idaho Rules of Evidence. Petitioner argued that the victim's testimony about his reaction to the letter was irrelevant under Idaho Rules of Evidence 401 and 402. Petitioner also asserted that the error in admitting the testimony was not harmless, because the jury likely relied on evidence admitted in violation of Rule 403. *State's Lodging B-1* at 15–20. In making his arguments, Petitioner did not rely on the Due Process Clause, nor did he support them with any federal authority. *Id*. The only constitutional claim raised in Petitioner's original appellate briefing was Claim 1.

After the Idaho Supreme Court issued its opinion, Petitioner filed a petition for rehearing. In that petition—for the first time—Petitioner cited a federal case in support of

MEMORANDUM DECISION AND ORDER - 7

his perception-of-the-victim claim: *Elonis v. United States*, 575 U.S. 723 (2015). *State's Lodging B-8* at 2; *B-9* at 3–4. However, *Elonis* interpreted a federal criminal statute—it was not a constitutional case and did not interpret the Due Process Clause. Thus, relying on *Elonis* was insufficient to raise a federal constitutional claim.

Moreover, even if this claim was the same claim as Claim 2 of the Petition, the claim was procedurally barred. Idaho state law bars review of any issue raised for the first time in a petition for rehearing. *Johnson v. Bekins Moving & Storage Co.*, 86 Idaho 569, 582, 389 P.2d 109, 117 (Idaho 1963) ("[A] contention cannot be considered when raised for the first time in a petition for rehearing."); *Waters v. Double L, Inc.*, 114 Idaho 256, 268, 755 P.2d 1294, 1306 (Idaho Ct. App. 1987) ("This issue is raised for the first time on rehearing, not having been presented to the district court nor to this Court earlier on appeal. Accordingly, we will not address it now."). This rule is well-established and regularly applied, and it is not dependent on federal law. Therefore, even if the petition for rehearing is construed to raise Claim 2 as a federal claim, the Idaho Supreme Court declined to consider Claim 2 based on an adequate and independent state procedural rule.[2]

In the petition for rehearing, Petitioner also raised a claim similar to Claim 3. However, once again, Petitioner raised the claim only as a state-law claim. *State's*

---

[2] Because this rule is clear and consistently applied, the Court concludes that the Idaho Supreme Court rejected any such federal claim as procedurally barred, rather than on the merits of the claim. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits *in the absence of any indication or state-law procedural principles to the contrary*.") (emphasis added).

MEMORANDUM DECISION AND ORDER - 8

*Lodging B-9* at 4 ("This Court's decision fails to define the context in which threats should be considered under [Idaho Code] § 18-1353(1)(B).") (capitalization regularized). Thus, the petition for rehearing did not raise Claim 3.

For these reasons, Claims 2 and 3 are procedurally defaulted. However, that conclusion does not end the inquiry. A federal district court still can hear the merits of a procedurally defaulted claim if the petitioner demonstrates that failure to consider the claim will result in a fundamental miscarriage of justice. This standard requires proof that a constitutional violation has probably resulted in the conviction of someone who is actually innocent.[3] *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

### C.     Petitioner Has Not Established Actual Innocence

Actual innocence in the context of procedural default "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at

---

[3] Petitioner does not argue cause and prejudice and, therefore, does not rely on the other exception to procedural default. *See Murray v. Carrier*, 477 U.S. at 488.

MEMORANDUM DECISION AND ORDER - 9

327). Stated another way, the petitioner must show that, but for the constitutional error, *every* reasonable juror would vote to acquit.

This is a particularly exacting standard, one that will be satisfied "only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted). Indeed, cases where the actual innocence standard has been satisfied have "typically involved dramatic new evidence of innocence." *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013).

In Petitioner's Notice of Records, Petitioner claims he is innocent. However, rather than submitting any evidence of actual innocence, Petitioner states he is still waiting for such evidence. According to Petitioner, he requested from the state court an audio recording of a hearing in his child protection case, but he has not yet received it. Petitioner contends this recording will show that the judge in those proceedings did not consider Petitioner's letter to be a true threat. *See* Dkt. 20 at 3. Relying on that judge's stated belief, Petitioner appears to assert that Petitioner did not intend to threaten the prosecutor and that, therefore, the prosecution failed to prove the intent element of the crime beyond a reasonable doubt.

The Court need not wait to review the audio recording to determine whether Petitioner has established actual innocence. Even assuming that the judge in the child protection case believed the letter to the prosecutor was not a threat, a reasonable juror could have disagreed and found that Petitioner did intend to threaten.

Petitioner's letter to the prosecutor included the following language:

- "I am about to put some things into motion that neither you or I can undo."

MEMORANDUM DECISION AND ORDER - 10

- "I have operated transparently from the beginning. I am willing to make a one time offer which must be acted upon very soon; otherwise I will be forced to do this the hard-way. My chess pieces are ready to move, and moving. Parties have been contacted who await instructions."

- "My God desires mercy over judgement, but make no mistake, when left no options, He will execute vengence [sic] and wrath."

- "Me, sitting in prison, with my children in harm's way, for a crime I didn't commit, past my fixed time, is unacceptable. I have four possible solutions to offer and all of them are more pleasant than what is about to happen. Refuse, and what happens next is your doing."

*Sanchez*, 448 P.3d at 994. A reasonable juror easily could have inferred from this language that Petitioner intended to threaten the prosecutor. That a state court judge in another proceeding did not do so fails to demonstrate a fundamental miscarriage of justice. Petitioner simply has not established that every reasonable juror would acquit on the intent element and, therefore, has not shown actual innocence to overcome the procedural default of Claims 2 and 3.

### 3.   Claim 4 Necessarily Fails Because the Petition Asserts Only One Other Non-Defaulted Claim

Claim 4 asserts cumulative error. Under the cumulative error doctrine, "a collection of errors" can violate a criminal defendant's constitutional rights even if each individual error, by itself, would not arise to a constitutional violation. *Davis v. Woodford*, 384 F.3d 628, 654 (9th Cir. 2004). That is, for the cumulative error doctrine to apply, a petitioner must assert more than one constitutional error.

A court may not consider procedurally defaulted claims in deciding a cumulative error claim. *See, e.g., Cuesta-Rodriguez v. Carpenter*, 916 F.3d 885, 916 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 844 (2020) ("Cuesta-Rodriguez's ineffective-assistance

MEMORANDUM DECISION AND ORDER - 11

claims, having been ruled procedurally barred, have no place in our cumulative-error analysis."); *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992) ("[F]ederal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial where (1) the individual errors involved matters of constitutional dimension rather than mere violations of state law; (2) *the errors were not procedurally defaulted for habeas purposes*; and (3) the errors "so infected the entire trial that the resulting conviction violates due process.") (emphasis added) (internal quotation marks omitted).

Besides the cumulative error claim itself, Claim 1 is the only claim that is not defaulted. Because the Petition asserts only a single non-defaulted claim of error, Petitioner's cumulative error claim necessarily fails.

## CONCLUSION

For the foregoing reasons, the Court will grant the Motion for Partial Summary Dismissal and dismiss Claims 2 through 4 with prejudice.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Enlargement of Time (Dkt. 17) is GRANTED. Petitioner's Notice of Records is deemed timely.

2. To the extent Petitioner's Notice of Records requests a copy of State's Exhibit 9, the request (Dkt. 20) is DENIED.[4]

---

[4] Exhibit 9 is an audio recording of an interview. *See* Dkt. 20 at 1. Petitioner is not entitled to a copy of Exhibit 9 because Respondent's Motion does not rely on it and because exhibits are not listed in Habeas Rule 5(c) or (d). *See* Dkt. 16 at 3 ("Within 28 days [after Petitioner's notice is filed], Respondent must provide Petitioner with a copy of any of the records referenced in Respondent's pending Motion for

3. Respondent's Motion for Partial Summary Dismissal (Dkt. 14) is GRANTED. Claims 2, 3, and 4 of the Petition are DISMISSED with prejudice.

4. Respondent must file an answer to the remaining claim—Claim 1—within 60 days of the date of this Order. Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

DATED: February 3, 2021

_____
Honorable Candy W. Dale
United States Magistrate Judge

---

Partial Summary Dismissal that Petitioner does not already possess, so that Petitioner has one set of the records referenced in Habeas Rules 5(c) and 5(d) ….").

MEMORANDUM DECISION AND ORDER - 13