UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BYRON LEE SANCHEZ,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>JAY CHRISTENSEN,<br><br>　　　　　　　Respondent. | Case No. 1:20-cv-00020-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho prisoner Byron Lee Sanchez ("Petitioner"), challenging Petitioner's Ada County conviction of threatening a public official. *Pet*., Dkt. 1; *see* Idaho Code §§ 18-1353(1)(b). United States Magistrate Judge Candy W. Dale previously dismissed Claims 2 through 4 as procedurally defaulted without excuse, *see* Dkt. 25, and this case was later reassigned to the undersigned judge.

Only Claim 1 remains for adjudication on the merits. That claim asserts that the statute under which Petitioner was convicted is unconstitutionally overbroad and vague. *Pet*. at 6. Claim 1 is now fully briefed and ripe for adjudication on the merits. Respondent also argues that part of Claim 1—the vagueness portion of the claim—is procedurally defaulted without excuse and, thus, should not be considered on its merits. Though Respondent did not initially move for dismissal of Petitioner's vagueness sub-claim on this basis, it is not improper to raise the issue at this stage of the proceedings. *See* 28

U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.").

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. 7. Having carefully reviewed the record in this matter, including the state court record, the Court finds oral argument unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

For the reasons explained below, the Court concludes that Petitioner's vagueness challenge is subject to dismissal as procedurally defaulted. The Court also concludes that, in any event, both the vagueness and overbreadth challenges in Claim 1 must be denied on the merits. Accordingly, the Court enters the following Order denying habeas corpus relief.

## BACKGROUND

In September 2016, Petitioner was serving a prison sentence for a separate conviction of felony injury to a child. The Gem County prosecutor who had prosecuted Petitioner for that crime was also representing the state in child protection proceedings involving Petitioner's children. *State's Lodging A-2* at 185–86; *B-4* at 1–2. Petitioner sent the prosecutor the following letter:

I hope you and your's [sic] are doing well and congradulations [sic] on the new addition to your family.

To business: A prosecutor has the responsibility of a minister of justice... This responsibility carries with it specific obligations to see that the defendant is accorded justice, that guilt is decided upon the basis of sufficient evidence and that precautions are taken to prevent and to rectify the conviction of innocent persons. I.C.R. 3.8(g); (H).

I am about to put some things into motion that neither you or I can undo.

I don't want to, but I absolutely will. I would like to think that we are reasonable. I consider myself a Christian. Retribution does not restore. Hurting others, (even when they deserve it) also injures me. I seek mitigation. I am coming to you from a position of legal strength asking you to consider coming to the prison and talking privately.

I have operated transparently from the beginning. I am willing to make a one time offer which must be acted upon very soon; otherwise I will be forced to do this the hard-way. My chess pieces are ready to move, and moving. Parties have been contacted who await instructions.

I seek an opportunity to show Idaho what mercy looks like.

My God desires mercy over judgement, but make no mistake, when left no options, He will execute vengence [sic] and wrath. Mistakes have been made; let us mitigate them by having an honest private conversation and decide what action may be acceptable to all parties.

Me, sitting in prison, with my children in harm's way, for a crime I didn't commit, past my fixed time, is unacceptable. I have four possible solutions to offer and all of them are more pleasant than what is about to happen. Refuse, and what happens next is your doing.

*State's Lodging A-8* (underlining and ellipsis in original).

MEMORANDUM DECISION AND ORDER - 3

Based on this letter, Petitioner was charged with threatening a public official in violation of Idaho Code § 18-1353(1)(b).[1] Petitioner filed a motion to dismiss, arguing that § 18-1353(1)(b) was unconstitutionally overbroad and vague. The trial court denied the motion. Petitioner was convicted and sentenced to five years in prison with four years fixed, to run consecutively to his sentence for felony injury to a child. *State's Lodging B-4* at 3.

On direct appeal, Petitioner argued, in relevant part, that § 18-1353(1)(b) was "facially overbroad." *State's Lodging B-1*; *B-3*. Petitioner did *not* assert that the statute was unconstitutionally vague. *Id*. The Idaho Supreme Court rejected Petitioner's facial overbreadth challenge, holding that the statute of conviction does not violate the First Amendment because it "does not prohibit a substantial amount of protected speech or conduct." *State's Lodging B-4* at 10.

Respondent now seeks dismissal of Petitioner's vagueness challenge and also seeks denial on the merits of the entirety of Claim 1.

## DISCUSSION

## 1.    The Vagueness Portion of Claim 1 Is Procedurally Defaulted Without Legal Excuse

The Court has previously set forth the standards for procedural default and will not repeat them here except as necessary to explain this decision. *See* Dkt. 25 at 4–7. Subject

---

[1] Petitioner was also charged with a sentencing enhancement under Idaho Code § 19-2520F, which requires consecutive sentencing where the crime was committed "on the grounds of a correctional facility."

to two exceptions, federal courts are barred from considering habeas claims that were not fairly presented to the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

Respondent contends that Claim 1's vagueness challenge is procedurally defaulted because Petitioner failed to raise it to the Idaho Supreme Court on direct appeal.

On appeal from his conviction, Petitioner did not argue that § 18-1353(1)(b) was unconstitutionally vague. In the context of his First Amendment challenge, he argued only that the statute was facially overbroad. *State's Lodging B-1*; *B-3*. Therefore, because Petitioner did not fairly present his vagueness sub-claim to the Idaho Supreme Court, and because there is no longer an avenue for Petitioner to do so, that portion of Claim 1 is procedurally defaulted. *See Gray v. Netherland*, 518 U.S. 152, 161–62 (1996).

Petitioner does not argue that this default is excused based on the cause-and-prejudice exception. He does, however, rely on the other exception to the procedural default doctrine, contending that he is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").

The Court previously considered Petitioner's actual innocence argument in the context of deciding the procedural default status of Claims 2 and 3:

> [R]ather than submitting any evidence of actual innocence, Petitioner states he is still waiting for such evidence. According to Petitioner, he requested from the state court an audio recording of a hearing in his child protection case, but he has not yet received it. Petitioner contends this

recording will show that the judge in those proceedings did not consider Petitioner's letter to be a true threat. *See* Dkt. 20 at 3. Relying on that judge's stated belief, Petitioner appears to assert that Petitioner did not intend to threaten the prosecutor and that, therefore, the prosecution failed to prove the intent element of the crime beyond a reasonable doubt.

The Court need not wait to review the audio recording to determine whether Petitioner has established actual innocence. Even assuming that the judge in the child protection case believed the letter to the prosecutor was not a threat, a reasonable juror could have disagreed and found that Petitioner did intend to threaten.

Petitioner's letter to the prosecutor included the following language:

- "I am about to put some things into motion that neither you or I can undo."

- "I have operated transparently from the beginning. I am willing to make a one time offer which must be acted upon very soon; otherwise I will be forced to do this the hard-way. My chess pieces are ready to move, and moving. Parties have been contacted who await instructions."

- "My God desires mercy over judgement, but make no mistake, when left no options, He will execute vengence [sic] and wrath."

- "Me, sitting in prison, with my children in harm's way, for a crime I didn't commit, past my fixed time, is unacceptable. I have four possible solutions to offer and all of them are more pleasant than what is about to happen. Refuse, and what happens next is your doing."

*See* Dkt. 25 at 10–11. This Court concluded that a "reasonable juror easily could have inferred from this language that Petitioner intended to threaten the prosecutor…. Petitioner simply has not established that every reasonable juror would acquit." *Id*. at 11.

MEMORANDUM DECISION AND ORDER - 6

Petitioner has not offered any new, reliable evidence of innocence. *See Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013) (noting that cases where a petitioner satisfied the actual innocence standard "have typically involved dramatic new evidence of innocence"); *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (stating that a showing of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"). Because Petitioner has not established that he is excused from the default of Claim 1's vagueness sub-claim, this case is subject to dismissal.

Alternatively, as explained below, the Court will deny Petitioner's vagueness challenge on the merits.

**2.      The Vagueness and Overbreadth Challenges in Claim 1 Fail on the Merits**

The Court now turns to the merits of Claim 1—both the vagueness and overbreadth portions of that claim. Even though Petitioner's vagueness challenge is procedurally defaulted, the Court may still address it on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

**A.      *Habeas Corpus Standard of Law***

A federal court may grant habeas corpus relief when it determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If the state court has adjudicated a claim on the merits,

habeas relief is further limited by § 2254(d), as amended by the Anti-terrorism and

Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas relief

may be granted only where the state court's adjudication of the petitioner's claim:

> (1)  resulted in a decision that was contrary to, or involved
>       an unreasonable application of, clearly established
>       Federal law, as determined by the Supreme Court of
>       the United States; or
>
> (2)  resulted in a decision that was based on an
>       unreasonable determination of the facts in light of the
>       evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). When considering a habeas claim, a federal court reviews the last

reasoned state-court decision that addressed the claim. *See Ylst v. Nunnemaker*, 501 U.S.

797, 803 (1991).

The term "unreasonable" in § 2254(d) is reserved for "extreme malfunctions in the

state criminal justice system," not for "ordinary error" or even for cases "where the

petitioner offers a strong case for relief." *Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021)

(per curiam) (internal quotation marks omitted). Accordingly, a federal court reviewing a

state court's adjudication of a claim on the merits "must carefully consider all the reasons

and evidence supporting the state court's decision." *Id*. Courts are not permitted "to

essentially evaluate the merits *de novo* by omitting inconvenient details from its

analysis." *Id*. (internal quotation marks and alteration omitted). Instead, "[d]eciding

whether a state court's decision involved an unreasonable application of federal law or

was based on an unreasonable determination of fact requires the federal habeas court to

train its attention on the particular reasons—both legal and factual—why state courts

rejected a state prisoner's federal claims and to give appropriate deference to that decision." *Wilson v. Sellers*, 138 S. Ct. 1188, 1191–92 (2018) (internal quotation marks and citations omitted). The Supreme Court has described this review as "a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Id.* at 1192.

When a petitioner contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1), the petitioner must show that the state court—although identifying "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies [Supreme Court] precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 572 U.S. 415, 426 (2014) (emphasis omitted).

The AEDPA standard is extraordinarily high, and a federal court cannot grant habeas relief simply because it concludes in its independent judgment that the state

court's decision is incorrect or wrong. Rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Williams*, 529 U.S. at 411. If there is *any* possibility that fair-minded jurists could disagree on the correctness of the state court's decision, § 2254(d)(1) precludes relief. *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013); *Harrington v. Richter*, 562 U.S. 86, 101–02 (2011). In other words, if even one fair-minded jurist could agree with the state court, habeas relief must be denied—even other fair-minded jurists would disagree.

"Clearly established federal law" means the governing legal principles set forth in the holdings—not the dicta—of the United States Supreme Court, as of the time the state court rendered its decision. *Williams*, 529 U.S. at 412. The habeas statute does not require an *identical* factual pattern before a legal rule must be applied. Rather, state courts must reasonably apply the rules squarely established by the Supreme Court's holdings to the facts of each case. *See White*, 572 U.S. at 427.

On the other hand, if a court must *extend* a rationale before it can apply to the facts at hand, then by definition the rationale was not clearly established at the time of the state court's decision. *Id.* A federal habeas court "may not overrule a state court for … holding a view different from its own" when the precedent from the Supreme Court "is, at best, ambiguous." *Mitchell v. Esparza*, 540 U.S. 12, 17 (2003). Although circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent, *Duhaime v. Ducharme*, 200 F.3d 597, 600–01 (9th Cir. 2000), a federal court may not use circuit law to refine or sharpen a

general principle of Supreme Court habeas corpus jurisprudence into a specific legal rule that the Court itself has not announced, *Lopez v. Smith*, 574 U.S. 1, 7 (2014).

If no Supreme Court decision has confronted the specific question presented by a state prisoner's federal habeas petition—that is, if the circumstances of a petitioner's case are only generally similar to the Supreme Court's precedents—then the state court's decision cannot be "contrary to" any holding from the Supreme Court. *Woods v. Donald*, 575 U.S. 312, 317 (2015) (per curiam). By the same token, a state court cannot unreasonably apply established federal law that does not exist. *See, e.g., Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

"[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). Therefore, if (1) a claim was adjudicated on the merits in state court, and (2) the underlying factual determinations of the state court were not unreasonable, then evidence that was not presented to the state court cannot be introduced on federal habeas review. *See Murray v. Schriro*, 745 F.3d 984, 999–1000 (9th Cir. 2014) ("After *Pinholster*, a federal habeas court may consider new evidence only on de novo review, subject to the limitations of § 2254(e)(2).").

To be eligible for relief under § 2254(d)(2), the petitioner must show that the state court decision was based upon factual determinations that were "unreasonable ... in light of the evidence presented in the State court proceeding." A "state-court factual determination is not unreasonable merely because the federal habeas court would have

reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."). Instead, state court factual findings are presumed to be correct and are binding on the federal court unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Kirkpatrick v. Chappell*, 926 F.3d 1157, 1170 (9th Cir. 2019) (holding that § 2254(e)(1) "appears to apply to all factual determinations made by state courts"). "If reasonable minds reviewing the record might disagree about the finding in question," the finding is not unreasonable under § 2254(d)(2). *Pizzuto v. Yordy*, 947 F.3d 510, 530 (9th Cir. 2019) (internal quotation marks and alterations omitted).

If a petitioner satisfies § 2254(d)—either by showing that the state court's adjudication of the claim was contrary to or an unreasonable application of Supreme Court precedent under subsection (d)(1), or by establishing that the state court's decision was based on an unreasonable factual finding under subsection (d)(2)—then the federal habeas court must review the petitioner's claim de novo, meaning without deference to the state court's decision. *Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014). De novo review is also required where the state appellate court did not decide a properly-asserted claim or where an adequate excuse for the procedural default of a claim exists. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002); *Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. 2014) (en banc). When considering a habeas claim de novo, a district court may, as

in the pre-AEDPA era, draw from both United States Supreme Court and circuit

precedent, limited only by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288

(1989).

Even under de novo review, however, if the factual findings of the state court are

not unreasonable under § 2254(d)(2), the Court must apply the presumption of

correctness found in 28 U.S.C. § 2254(e)(1) to any facts found by the state courts. *Pirtle*

*v. Morgan*, 313 F.3d 1160, 1167–68 (9th Cir. 2002); *Kirkpatrick*, 926 F.3d at 1170

("Unlike § 2254(d), § 2254(e)(1)'s application is not limited to claims adjudicated on the

merits [by a state court]."). Conversely, if a state court factual determination is

unreasonable, the federal court is not limited by § 2254(e)(1) and may consider evidence

outside the state court record, except to the extent that § 2254(e)(2) might apply. *See*

*Murray*, 745 F.3d at 1000.

Generally, even if a petitioner succeeds in demonstrating a constitutional error in

his conviction, he is entitled to federal habeas relief only if the petitioner "can establish

that [the error] resulted in 'actual prejudice.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637

(1993). Under the *Brecht* standard, an error is not harmless, and habeas relief must be

granted, only if the federal court has "grave doubt about whether a trial error of federal

law had substantial and injurious effect or influence in determining the jury's verdict."

*O'Neal v. McAninch*, 513 U.S. 432, 436 (1995) (internal quotation marks omitted).

MEMORANDUM DECISION AND ORDER - 13

### B.       Both Sub-Claims in Claim 1 Are Subject to Deferential Review under AEDPA

The Court must initially determine whether AEDPA deference applies to its review of the state courts' rejection of Claim 1. Petitioner's overbreadth challenge is unquestionably subject to AEDPA's restrictions because the Idaho Supreme Court expressly decided that sub-claim on the merits. *See State's Lodging B-4* at 10. However, because Petitioner did not raise his vagueness sub-claim to the Idaho Supreme Court, the question arises whether this Court should consider the claim de novo or with deference to the trial court's decision on this sub-claim.

The Court concludes that AEDPA applies to the Court's review of Petitioner's vagueness challenge. As explained above, a federal habeas court must review the last reasoned state court decision to address the petitioner's claim. *Ylst*, 501 U.S. at 803. Here, "the last state court to … explain[] its decision on the merits [of Petitioner's vagueness claim] in a reasoned opinion" was the state trial court. *Wilson v. Sellers*, 138 S. Ct. at 1192. That court rejected Petitioner's vagueness challenge on the merits when it denied Petitioner's motion to dismiss. *See State's Lodging A-1* at 209–21.

Consequently, the state courts' decisions on the merits of the overbreadth and vagueness challenges in Claim 1 are both entitled to AEDPA deference.

### C.       Overbreadth and Vagueness Standards of Law

A criminal statute is unconstitutionally overbroad under the First Amendment if the statute "punishes a substantial amount of protected free speech, judged in relation to the statute's plainly legitimate sweep." *Virginia v. Hicks*, 539 U.S. 113, 118–19 (2003)

(internal quotation marks and citation omitted). The overbreadth doctrine is "strong medicine," to be used "sparingly and only as a last resort." *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973). A petitioner challenging a statute as overbroad need not show that his own right to free expression was violated. Rather, a statute can be challenged as overbroad "because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Id.* at 612.

A law that prohibits conduct is subjected to less scrutiny than one that prohibits only speech. "[T]he overbreadth doctrine's concern with chilling protected speech attenuates as the otherwise unprotected behavior that it forbids the State to sanction moves from pure speech toward conduct." *Hicks*, 539 U.S. at 124 (internal quotation marks omitted). Indeed, an overbreadth challenge will "rarely" succeed unless the challenged statute is "specifically addressed to speech or to conduct necessarily associated with speech (such as picketing or demonstrating)." *Id*. A statute that regulates conduct as well as speech is not unconstitutionally overbroad unless the overbreadth is both "real" and "substantial." *Broadrick*, 413 U.S. at 615.

In considering a facial challenge based on overbreadth and vagueness, a court must first determine whether the statute "reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail." *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc*., 455 U.S. 489, 494 (1982). Any challenges to such a law based on conduct that *is* actually protected can be dealt with on a "case-by-case basis" in an as-applied challenge. *Broadrick*, 413 U.S. at 615–16.

MEMORANDUM DECISION AND ORDER - 15

However, because a law that is not overbroad "may nevertheless be challenged on its face as unduly vague," the court should then consider any facial vagueness challenge. *Vill. of Hoffman Estates*, 455 U.S. at 497.

A criminal statute is unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment "if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, or if it invites arbitrary and discriminatory enforcement." *United States v. Adams*, 343 F.3d 1024, 1035 (9th Cir. 2003) (internal quotation marks omitted); *see also Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 170 (1972). A statute is not unconstitutionally vague unless the statute "is impermissibly vague in *all* of its applications." *Vill. of Hoffman Estates*, 455 U.S. at 495 (emphasis added).

Because a petitioner "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others," a court reviewing a vagueness challenge must "examine the [petitioner's] conduct before analyzing other hypothetical applications of the law." *Id.*; *see Hill v. Colorado*, 530 U.S. 703, 733 (2000) ("[S]peculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid 'in the vast majority of its intended applications.'") (quoting *United States v. Raines,* 362 U.S. 17, 23 (1960)). This is different from the overbreadth doctrine, which does not require a petitioner to show that "his own conduct" could not be prohibited by a narrower statute. *Broadrick*, 413 U.S. at 612 (internal quotation marks omitted).

### D.      Section 18-1353(1)(b) and the State Courts' Decisions

The statute under which Petitioner was convicted—entitled "Threats and Other Improper Influence in Official and Political Matters"—provides in relevant part as follows:

>       (1)      Offenses defined. A person commits an offense if he:
>
>       …
>
>                (b)      threatens harm to any public servant with
>                purpose to influence his decision, opinion,
>                recommendation, vote or other exercise of discretion
>                in a judicial or administrative proceeding ….

Idaho Code § 18-1353(1)(b). "Harm" is defined as "loss, disadvantage or injury, including loss, disadvantage or injury to any other person or entity in whose welfare [the defendant] is interested." Idaho Code § 18-1351(4).

In addressing Petitioner's overbreadth claim, the Idaho Supreme Court cited the U.S. Supreme Court's decision in *Broadrick* and applied legal standards consistent with that case. *State's Lodging B-4* at 5. The court noted that a statute regulating both speech and conduct is not overbroad unless the overbreadth is "not only real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Id.* (internal quotation marks omitted).

Noting that § 18-1353(1)(b) regulates both speech and conduct, the Idaho Supreme Court considered "whether the statute precludes a significant amount of … constitutionally protected conduct." *Id.* at 6 (internal quotation marks omitted). The court held that, although Petitioner had pointed to "hypothetical situations" where protected

MEMORANDUM DECISION AND ORDER - 17

conduct "could fall within the ambit of § 18-1353(1)(b)," such hypothetical possibilities

"could be effectively dealt with on a case-by-case basis." *Id.* at 7 (citing *Broadrick*, 413

U.S. at 615–16). Concluding that the statute lawfully prohibits many types of unprotected

conduct—such as "threats of violence, property damage, extortion and blackmail"—the

state supreme court held that the alleged overbreadth of § 18-1353(1)(b) was not

substantial and that there was no "realistic danger that the statute itself will significantly

compromise recognized First Amendment protections of parties not before the Court." *Id.*

(internal quotation marks omitted).

       In addressing Petitioner's vagueness claim, the trial court relied on an Idaho state

case setting forth a "comprehensive analysis of the void-for-vagueness doctrine":

> This doctrine requires that a statute defining criminal conduct
> be worded with sufficient clarity and definiteness that
> ordinary people can understand what conduct is prohibited
> and that the statute be worded in a manner that does not allow
> arbitrary and discriminatory enforcement. It is a basic
> principle of due process that an enactment is void for
> vagueness if its prohibitions are not clearly defined.
> Furthermore, as a matter of due process, no one may be
> required at the peril of loss of liberty to speculate as to the
> meaning of penal statutes. [The Idaho Supreme Court] has
> held that due process requires that all be informed as to what
> the State commands or forbids and that men of common
> intelligence not be forced to guess at the meaning of the
> criminal law. A statute may be void for vagueness if it fails to
> give adequate notice to people of ordinary intelligence
> concerning the conduct it proscribes or if it fails to establish
> minimal guidelines to govern law enforcement or others who
> must enforce the statute.

*State's Lodging A-1* at 216–17 (internal citations and quotation marks omitted) (citing

*Idaho v. Korsen*, 69 P.3d 126, 131–32 (Idaho 2003).

MEMORANDUM DECISION AND ORDER - 18

Noting that "a defendant who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others," the trial court then considered Petitioner's charged conduct. *Id*. at 217. That court held that § 18-1353(1)(b) was not unconstitutionally vague because it gave "sufficient clarity and definiteness that, as applied to [Petitioner], he would know the conduct he engaged in was prohibited," and because the statute was "worded in a manner that does not allow arbitrary and discriminatory enforcement":

> Namely, the statute clearly sets forth a specific, narrowly tailored set of circumstances to which it is directed. It proscribes: (1) threatening harm (2) to any public servant (3) with purpose to influence his decision, opinion, recommendation, vote or other exercise of discretion (4) in a judicial or administrative proceeding.

*Id*. at 217–18.

The trial court determined that the statute "does not contain terms requiring people of ordinary intelligence to guess at their meaning" and that the "intent element in the statute further clarifies and narrows its scope." *Id*. at 218. Petitioner's conduct, the trial court concluded, "is the quintessential conduct the statute unambiguously prohibits":

> While Defendant did not outright threaten to physically hurt [the prosecutor], he certainly implied this type of harm to either [the prosecutor] or his family as a consequence of [the prosecutor's] refusal of [Petitioner's] "solution" to his legal woes in a judicial proceeding. By warning [the prosecutor] that his refusal will result in a consequence [the prosecutor] will regret, coupled with references to "retribution," "hurting others" and "vengeance and wrath," [Petitioner] engaged in conduct which is quite clearly proscribed by the statute.

*Id*.

Because § 18-1353(1)(b) "provided fair notice that it was illegal" for Petitioner to send the letter in an attempt to influence the prosecutor's decisions in Petitioner's case, the trial court denied Petitioner's motion to dismiss on vagueness grounds. *Id.*

### E.   The State Courts' Decisions Rejecting Petitioner's Overbreadth and Vagueness Challenges Were Not Unreasonable under AEDPA

The state trial and appellate courts both appropriately relied on legal standards consistent with those established by the United States Supreme Court in *Broadrick*, *Village of Hoffman Estates*, and *Hicks*. The Idaho Supreme Court carefully considered whether § 18-1353(1)(b) prohibited a substantial amount of protected conduct and concluded that it did not. Similarly, the trial court exercised careful review in determining that the statute gave fair notice of the prohibited conduct, had limitations that guarded against arbitrary and discriminatory enforcement, and plainly covered Petitioner's specific conduct in sending the letter to the prosecutor.

Petitioner raises hypothetical scenarios about protected conduct that could potentially fall within the statute's prohibitions. For example, he claims that the statute might prohibit "a wide swath of [criticism] of public officials," such as if a citizen informs a legislator that the citizen will not vote for the legislator if the legislator supports a certain bill. *See* Dkt. 30 at 10–11. Or, Petitioner contends, the statute could be unconstitutionally enforced against an attorney who negotiates a case by presenting "legal alternatives to prosecutors." *Id.* at 11. Petitioner argues that "even a citizen detained by an officer and believes it to be racially motivated, and objects by

MEMORANDUM DECISION AND ORDER - 20

'threatening' to complain to a superior, could be found guilty" of violating § 18-1353(1)(b).

However, these potential hypotheticals do not establish that § 18-1353(1)(b) prohibits "a *substantial* amount of constitutionally protected conduct." *Vill. of Hoffman Estates*, 455 U.S. at 494. These types of hypothetical prosecutions can be evaluated on a case-by-case, as-applied basis as contemplated by *Broadrick*. Thus, the statute is not unconstitutionally overbroad.

As for vagueness, a fair-minded jurist could conclude that § 18-1353(1)(b) gives fair notice to people of ordinary intelligence of the conduct it prohibits. A fair-minded jurist could further conclude that the statute does not invite arbitrary and discriminatory enforcement. Simply put, Petitioner has not established that all fair-minded jurists would find § 18-1353(1)(b) to be "impermissibly vague in all of its applications." *Vill. of Hoffman Estates*, 455 U.S. at 495.

Because the trial court and the Idaho Supreme Court relied on applicable legal standards consistent with Supreme Court precedent, and because they did not unreasonably apply those standards in rejecting Petitioner's overbreadth and vagueness challenges, Petitioner is not entitled to relief on Claim 1. *See* 28 U.S.C. § 2254(d)(1).

**3.      The Court Will Not Consider Petitioner's New Claims**

The Court agrees with Respondent that Petitioner's Reply in Support of the Merits of Claim 1 appears to assert two entirely new claims: an equal protection claim, and a claim that can be construed as a sufficiency-of-the-evidence claim. *See generally* Dkt. 30. However, Petitioner did not raise any such claims in his Petition, nor at any point did he

move to amend his petition to include the claims. Accordingly, Petitioner is prohibited from raising them now. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (stating that a reply in support of a petition "is not the proper pleading to raise additional grounds for relief").

## CONCLUSION

For the foregoing reasons, the Court concludes that Claim 1 of the Petition must be denied on the merits. In addition, the vagueness challenge in Claim 1 is subject to dismissal on the alternative basis of procedural default. Because all other claims have already been dismissed, the Court must enter judgment in favor of Respondent.

## ORDER

**IT IS ORDERED:**

1.   The Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED, and this entire action is DISMISSED with prejudice.

2.   The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

DATED: December 5, 2022

Honorable Debora K. Grasham
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 22